# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

STEVEN RAY HARTNESS,

    Plaintiff,

v.

MUSKOGEE COUNTY
DETENTION CENTER, et al.,

    Defendants.

No. CIV 14-140-RAW-SPS

FILED
MAY 13 2014
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

## OPINION AND ORDER

Plaintiff, an inmate in the Muskogee County Detention Center (MCDC) in Muskogee, Oklahoma, has filed this civil rights complaint, pursuant to 42 U.S.C. § 1983. The defendants are the MCDC, Law Library Manager Andrea Guadarrama, Jail Administrator Joe Hughart, and Assistant Jail Administrator Jeremy Garvin.

Plaintiff alleges Defendants Guadarrama, Hughart, and Garvin denied him access to the facility law library and subsequently suspended his access to the law library because of his behavior. He makes no allegations against the MCDC.

The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, the Tenth Circuit Court of Appeals has held in an unpublished opinion that the Creek County, Oklahoma, Criminal Justice Center is not a suable entity under § 1983. *Hinton v. Dennis*, No. 09-5130, 362 Fed. Appx. 904, 2010 WL 257286 (10th Cir. Jan. 25, 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)).

Other jurisdictions also have concluded that a county or local jail lacks capacity. *See Lewis v. Houston County Jail*, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit."); *Powell v. Cook County Jail*, 814 F.Supp.

757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'--it is not a legal entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail . . . is not a legal entity capable of being sued. Rather . . . it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes].").

This court is empowered to dismiss the MCDC under 28 U.S.C. § 1915A:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief. . . .

Here, plaintiff's complaint does not make specific factual claims against the Muskogee County Detention Center and does not demonstrate why this governmental sub-unit is a suable entity.

**ACCORDINGLY,** Defendant Muskogee County Detention Center is dismissed with prejudice from this action, pursuant to 28 U.S.C. § 1915A(b).

IT IS SO ORDERED this 13th day of May 2014.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

2